■   In the Matter of AMERICAN RE-INSURANCE COMPANY, Petitioner, v. BENJAMIN R. SCHENCK, as Superintendent of Insurance of State of New York, Respondent, and AMERICAN INTERNATIONAL GROUP, INC., et al., Intervenors-Respondents.— Determination of respondent Superintendent of Insurance, dated January 11, 1974, approving intervenors-respondents' application, pursuant to section 69-f of the Insurance Law for acquisition of 10% or more of the outstanding common stock of petitioner is unanimously confirmed. Respondent and intervenors-respondents shall recover of petitioner one bill of $60 costs and disbursements of this proceeding. In confirming, we have evaluated the challenges of the petitioner to the Superintendent's determination, and we find them insufficient to support a conclusion that the determination was either irrationally based or unsupported by substantial evidence. Section 69-f of the Insurance Law does require the approval by the Superintendent of an acquisition of stock control of 10% or more of a domestic insurer in accordance with seven statutory criteria. In this instance, after an extensive hearing, conducted on 14 separate days, resulting in a massive record

before this court of more than 4,000 pages, the Superintendent found that the intervenors-respondents were the proper applicants, although part of a holding company system. In so finding we cannot say the Superintendent lacked a rationale, or displayed arbitrariness or capriciousness. Perhaps, superior punctilio and preferred procedure would indicate that the department should not have made an ex parte decision at the outset of the application, identifying the applicants as the proper parties, in view of the background of the so-called Starr complex and "ten directors" who serve on the boards of other corporations as well as on the boards of the intervenors-respondents. Nevertheless, the issue of "proper applicants" was ultimately and fully explored; and the Superintendent explicitly indicated a *de novo* decision, based solely on the hearing evidence. We note other challenges to the procedures of the Superintendent, such as the admission of written statements and the practice of requesting submission of proposed findings. We cannot categorically find unfairness in these developments, particularly when the petitioner did not object at the time. Equally unmoving are the strictures levelled at the proper role of the department. Manifestly, the department is more than an "umpire blandly calling balls and strikes" in fulfilling its statutory responsibility. (*Scenic Hudson Preservation Conference* v. *Federal Power Comm.*, 354 F. 2d 608, 620, cert. den. 384 U. S. 941; see, also, *National Assn. of Independent Tel. Producers & Distrs.* v. *Federal Communications Comm.*, 502 F. 2d 249, 257.) And since the very depth and breadth of the record and the comprehensiveness of the opinion-decision dispel the claim of departure from the Superintendent's responsibility, we unanimously confirm. Concur — McGivern, P. J., Kupferman, Murphy and Lupiano, JJ.